☒ FILED   ☐ LODGED

Nov 21 2022

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

GARY M. RESTAINO
United States Attorney
District of Arizona
Jane L. Westby
Assistant U.S. Attorney
Arizona State Bar No. 017550
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Jane.Westby@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 22-CR-2232-JGZ (EJM) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Josue Lopez Quintana, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to the Indictment, which charges the defendant with a Class D felony violation of Title 18, U.S.C. § 1001(a)(2), False Statement to Government Agency.

## Elements of the Offense

2. The elements of the offense are as follows:

(a) The defendant made a false statement;

(b) The statement was made in a matter within the jurisdiction of the executive branch of the United States Government;

(c) The defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and;

(d) The statement was material to the activities or decisions of the United States Bureau of Alcohol, Tobacco, and Firearms, that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

## Maximum Penalties

3. The defendant understands that the maximum penalties for the offense to which defendant is pleading are a fine of $250,000, a term of five (5) years imprisonment, or both, and a term of three (3) years supervised release.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Immigration Consequences

6. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he

wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

7. <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level | 2B1.1 | 6 |
| Acceptance of Responsibility | 3E1.1(a) & (b) | <u>-2</u> |
| Total Adjusted Offense Level: | | 4 |

8. <u>Sentencing Agreement</u>: Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the applicable guideline range is 0-6 months imprisonment and that the defendant shall be sentenced to a period of time served, with a term of three (3) years supervised release to follow. This agreement is conditional upon defendant having a criminal history category of I.

   a.   The defendant may not move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines.

9.   The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

10. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

11. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

12. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5), giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw his guilty plea.

<u>Forfeiture</u>

13. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

<u>Waiver of Defenses and Appeal Rights</u>

14. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing

guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed a time served sentence of imprisonment. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Reinstitution of Prosecution

15. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

16. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible

sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis and Relevant Conduct

On or about November 5, 2021, G.S. asked Defendant JOSUE LOPEZ QUINTANA ("QUINTANA") to purchase a Sharps Bros MFG model Livewire, multi-caliber lower receiver ("lower receiver") for G.S. and QUINTANA agreed. On or about November 15, 2021, Defendant QUINTANA, purchased the lower receiver on-line and had it shipped to a federal firearms licensee (FFL) in Tucson, Arizona.

On or about November 22, 2021, Defendant QUINTANA picked up the lower receiver from the FFL and completed Bureau of Alcohol, Tobacco, and Firearms (ATF) Form 4473, which records information about the buyer. On Form 4473, defendant QUINTANA was asked if he was the "actual transferee/buyer," and QUINTANA knowingly and falsely checked the "yes" box. At the time defendant QUINTANA purchased and later picked up the lower receiver, Defendant QUINTANA knew that he was not the actual transferee/buyer and that this statement was false because he purchased the lower receiver on behalf of G.S. A warning on Form 4473 signed by Quintana stated that "making any false oral or written statement, or exhibiting any false or misrepresented identification with

respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law."

On August 25, 2022, ATF agents responded to a crime scene in Tucson, Arizona, to assist the Tucson Police Department. At the crime scene, investigators recovered a Sharps Bros MFG model Livewire, 5.56 NATO / .223 REM short-barreled rifle ("rifle") bearing serial number L03296. ATF agents traced the serial number L03296 on the lower receiver of the rifle and determined that the lower receiver was picked up by Defendant QUINTANA from a Tucson, Arizona, FFL on November 22, 2021.

On August 26, 2022, an agent from the ATF and an agent from the Department of Homeland Security Investigations interviewed defendant QUINTANA. Defendant QUINTANA told the law enforcement agents that he purchased the lower receiver for himself when he knew this was false because he purchased the lower receiver on behalf of G.S. Defendant's false statement to the law enforcement agents was material because it affected the ability of ATF to provide an accurate report to TPD related to the investigation of a crime. Defendant knew that when he told the agents that he purchased the lower receiver for himself that it was unlawful to lie to the federal agents. The ATF is an agency within the executive branch of the United States Government.

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

November 16, 2022                         s/Annamarie L. Valdivia for
Date                                      Josue Lopez Quintana
                                          Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances,

promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

_____    Annamarie L. Valdivia
Date                                            *Digitally signed by Annamarie L. Valdivia*
                                                *Date: 2022.11.16 14:32:58 -07'00'*

                                        Annamarie Valdivia
                                        Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

                                        GARY M. RESTAINO
                                        United States Attorney
                                        District of Arizona

                                        JANE WESTBY
                                        *Digitally signed by JANE WESTBY*
                                        *Date: 2022.11.16 09:11:36 -07'00'*

_____    Jane L. Westby
Date                                        Assistant U.S. Attorney