GARY M. RESTAINO
United States Attorney
District of Arizona
JANE L. WESTBY
Arizona State Bar No. 017550
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
jane.westby@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-4:22-CR-2232-JGZ-1 |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| vs. | |
| Josue Lopez Quintana, | |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits its memorandum in support of its recommended sentence. In support thereof, the following is stated:

**I.**     **Sentencing Recommendation**

The government requests that defendant Josue Lopez Quintana be sentenced to time served follow by three years supervised release.

## II. The Title 18 U.S.C. § 3553 Factors

The opinion in *United States v. Booker*, 543 U.S. 220 (2005), permits this Court to impose a reasonable sentence after consideration of the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See also United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, afford adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant with needed training, care or other treatment in the most effective manner; (3) the kinds of sentences available; (4) the kind of sentence and sentencing range provided for by the Sentencing Guidelines; (5) any pertinent policy statements by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among similarly situated defendants; and (7) the need to provide for restitution to any victims of the offense. *Carty*, 520 F.3d at 989.

On November 21, 2022, the defendant plead guilty to lying to law enforcement agents about the purchase of a lower receiver for an assault rifle. On August 26, 2022, an agent from the ATF and an agent from the Department of Homeland Security Investigations interviewed defendant QUINTANA. Defendant QUINTANA told the law enforcement agents that he purchased the lower receiver for himself when he knew this was false because he purchased the lower receiver on behalf of G.S. Defendant's false

statement to the law enforcement agents was material because it affected the ability of ATF to provide an accurate report to TPD related to the investigation of a crime.

A sentence of time served with three years of supervised release to follow is sufficient, but not greater than necessary, to reflect the seriousness of the offense of conviction, promote respect for the law, provide punishment for the offense, and afford adequate deterrence. While there is no excuse for defendant's false statement to law enforcement, there is no evidence that defendant knew the intent of G.S. Furthermore, defendant quickly accepted responsibility and plead guilty shortly after he was indicted. Defendant has also performed well on pretrial release. He has maintained employment, complied with drug testing, and has abstained from drugs as verified through testing. (PSR, ¶¶ 3, 41). A sentence of time served is also reasonable considering defendant's advisory sentencing guideline range is 0 to 6 months imprisonment. (PSR, p. 12).

Respectfully submitted this 30th day of January 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Jane L. Westby*
Jane L. Westby
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 30th day of January 2023 to:

Annamarie L. Valdivia
Attorney for Defendant